UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RODNEY HARRELL,

    Plaintiff,

v.   No.: 1:25-cv-01155-JDB-jay

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC., and
CAPITAL ONE BANK (USA) N.A.,

    Defendant.

## REPORT AND RECOMMENDATION

On September 9, 2025, Plaintiff Rodney Harrell, proceeding *pro se*, filed a motion for summary judgment. (Docket Entry ["D.E."] 9). On October 7, 2025, Defendant Experian Information Solutions, Inc. ("Experian"), in response to Harrell's motion for summary judgment, filed a motion to deny or defer ruling on the motion for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. (D.E. 10). Harrell has not filed a response to Experian's motion. This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. For the following reasons, the undersigned recommends **GRANTING** Experian's motion and **DENYING WITHOUT PREJUDICE** Harrell's motion for summary judgment.

I.

On January 8, 2025, Harrell filed a complaint in the General Sessions Court of Obion County, styled *Rodney Harrell v. Equifax Information Services, LLC, Experian Information Solutions, Inc., and Capital One Bank (USA) N.A.* (D.E. 1). In the Complaint, Harrell alleges

1

violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (*Id.*). On June 24, 2025, Experian removed the lawsuit to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b). (*Id.*). Experian filed its Answer on July 31, 2025. (D.E. 8). Before the Court set a Rule 16 scheduling conference or entered a scheduling order, Harrell filed his motion for summary judgment. (D.E. 9).

II.

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden to "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). Rule 56(c) provides that a party must support an assertion of fact by citing to materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials[,]" or a party must show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B).

2

When analyzing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *Huckaby v. Priest*, 636 F.3d 211, 216 (6th Cir. 2011) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In doing so, the court may not make credibility determinations or weigh the evidence. *Jordan v. Kohl's Dep't Stores, Inc.*, 490 F. App'x 738, 741 (6th Cir. 2012) (citing *Anderson*, 477 U.S. at 255). Rather, it must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Block v. Meharry Med. Coll.*, 723 F. App'x 273, 277 (6th Cir. 2018) (quoting *Anderson*, 477 U.S. at 251–52). "When a plaintiff moves for summary judgment on [their] own claims, for which [they] carr[y] the burden of persuasion at trial, the burden is high." *League of Women Voters of Ohio v. LaRose*, 741 F. Supp. 3d 694, 705 (N.D. Ohio 2024). "The plaintiff must show the absence of material fact disputes on all of the essential elements of [their] claim." *Id.* at 705-06 (citing *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012)).

Rule 56(b) allows "a party [to] file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "Importantly, though, '[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery.'" *Est. of Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022), *cert. denied sub nom. Chrisman v. Est. of Zakora*, 143 S. Ct. 2608 (2023) (quoting *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996)) (alteration in original). "Consequently, '[s]ummary judgment motions filed before the close of discovery are often denied as premature in the Sixth Circuit.'" *Louisville Water Co. v. Star Constr., LLC*, No. 3:23-CV-401-CHB, 2024 WL 3590111, at *2 (W.D. Ky. June 11, 2024) (quoting *Ostrander v. Smith*, No. 23-10803, 2023 WL 6812644, at

3

*1 (E.D. Mich. Aug. 17, 2023), *report and recommendation adopted*, No. 23-CV-10803, 2023 WL 6812056 (E.D. Mich. Oct. 16, 2023)) (alteration in original).

Rule 56(d) permits "a nonmovant [to] show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Once a party has done so, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.* "Rule 56[(d)] has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Zakora*, 44 F.4th at 479 (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)) (alteration in original). "Ultimately, the Court has 'broad discretion [under Rule 56(d)] to grant or deny additional time before ruling on summary judgment so long as its decision is not arbitrary, unjustifiable, or clearly unreasonable.'" *Louisville Water*, 2024 WL 3590111, at *3 (quoting *Baker v. Jordan*, No. 3:18-cv-471, 2021 WL 3782896, at *2 (W.D. Ky. Aug. 25, 2021)) (alteration in original); *see also Merritt v. Wipro Ltd.*, No. 2:23-cv-02453-SHM-tmp, 2025 WL 1914165, at *4 (W.D. Tenn. Mar. 25, 2025) (denying prematurely filed motion for summary judgment); *Ethridge v. Salter Labs, Inc.*, No. 3:20-CV-00724-RGJ-CHL, 2021 WL 4430769, at *3 (W.D. Ky. Sept. 27, 2021) (denying summary judgment motion without prejudice when it was filed before a scheduling order was entered).

Experian asserts that Harrell's motion for summary judgment, filed before the parties have had their Rule 26(f) conference, the Rule 16 scheduling conference, entry of a scheduling order, and before discovery has even commenced is premature. The undersigned agrees. As such, it is recommended that Harrell's motion for summary judgment be denied without prejudice. Harrell is

4

free to move for summary judgment after the parties have had a meaningful opportunity to engage in discovery.

III.

For these reasons, it is **RECOMMENDED** that Defendant Experian Information Solutions, Inc.'s motion to deny without prejudice the pending motion for summary judgment be **GRANTED** and that Plaintiff Rodney Harrell's motion for summary judgment be **DENIED WITHOUT PREJUDICE**.

Respectfully submitted this the 3rd day of November, 2025.

                                                       s/Jon A. York
                                                      United States Magistrate Judge

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**